647



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John C. Marburger
County Attorney
Fayette County
LaGrange, Texas

Dear Mr. Marburger:

Opinion No. O-6144

Re: Is the issuing of fishing,
hunting and trapping licenses
by the County Clerk considered
official services performed by
that office? Also related ques-
tion.

Your communication dated August 1, 1944, directed
to this department, reads in part as follows:

"I would appreciate it very much if you
would give me your opinion on the following
questions:

"1. Is the issuing of fishing, hunt-
ing and trapping licenses, by the County
Clerk considered official services per-
formed by that office?

"2. Would the County Clerk be per-
mitted to retain fees for personal use
when issuing Fishing, hunting and trap-
ping license or is such fees to be de-
posited into the Officers' Salary Fund
of the County.

"In considering the above questions I have
consulted articles 4018, 4020, 4030, 4032A,
R.C.S. and articles 894, 895, 923 qa section 3
P. C. and article 3912e section 5 R.C.S.

"I have not been able to locate any statute
that specifically requires the County Clerk to
issue any of these licenses, but there are many

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable John C. Marburger - page 2

instances that he is authorized to do so and
fixes his fees. Apparently, if and when he
issues such licenses he does so as County
Clerk, and some times he is required to is-
sue them under his seal of office. See Arti-
cle 895 P.C. This, therefore, would appear to
be fees of his office, and therefore the County
Clerk should account for them to the county.

"It is therefore my opinion that question
No. 1 should be answered in the affirmative
and question No. 2, that such fees should be
deposited into the Officers' Salary Fund of
this County as is required by article 3912e
section 5 R.C.S."

The following statutory provisions are pertinent to
the questions propounded.

By Sec. 5 of Article 3912e, V.A.C.S., it is provided
that:

"It shall be the duty of all officers to
charge and collect in the manner authorized by
law all fees and commissions which are permit-
ted by law to be assessed and collected for all
official service performed by them. As and
when such fees are collected they shall be de-
posited in the Officers' Salary Fund, or funds
provided in this Act. In event the Commission-
ers' Court finds that the failure to collect
any fee or commission was due to neglect on the
part of the officer charged with the responsi-
bility of collecting same, the amount of such
fee or commission shall be deducted from the
salary of such officer. Before any such deduc-
tion is made, the Commissioners' Court shall fur-
nish such officer with an itemized statement of
the uncollected fees with which his account is
to be charged, and shall notify such officer of
the time and place for a hearing on same, to de-
termine whether such officer was guilty of neg-
ligence, which time for hearing shall be at
least ten days subsequent to the date of notice.
Unless an officer is charged by law with the re-
sponsibility of collecting fees, the Commission-
ers' Court shall not in any event make any de-
ductions from the authorized salary of such of-
ficer."

Honorable John C. Marburger - page 3

Article 4032a, V.A.C.S., provides in part as follows:

"Sec. 1. No person who is a nonresident of the State of Texas or who is an alien shall fish in the fresh waters of this State without first having procured from the Game, Fish and Oyster Commission of Texas, or a Deputy Game Warden thereof, or from a County Clerk in Texas, or other legally authorized agent, a license to fish; and no person who is a resident of this State shall fish with artificial lures of any kind in the fresh waters of this State without first having procured from the Game, Fish and Oyster Commission of Texas, or a Deputy Game Warden thereof, or from a County Clerk of Texas, or other legally authorized agent, a license to fish.

"Sec. 2. Any officer, deputy of legally authorized agent, issuing any license to fish under the provisions of this Act, shall collect from the person to whom the license is issued the following fees:

"(1) If issued to a resident, the sum of One Dollar and Ten Cents ($1.10), of which amount he shall retain as his fee Ten (10¢) Cents, the balance of which amount he shall remit to the Game, Fish and Oyster Commissioner on or before the 10th day of the month next succeeding that during which said license was issued.

"(2) If issued to a non-resident or an alien, the sum of Five Dollars ($5.00), of which amount he shall retain as his fee Twenty-Five (25¢) cents, the balance of which amount he shall remit to the Game, Fish and Oyster Commissioner as required under subdivision One (1) of this section; provided that he may issue to such nonresident a license good for only five (5) days, including the day of issuance, upon payment by the licensee of One Dollar and Ten Cents ($1.10), of which amount the officer so issuing said license shall retain as his fee Ten (10¢) Cents, and the balance of which amount he shall remit to the Game, Fish and Oyster Commissioner as provided for in subdivision One (1) of this section.

"The officer issuing such license shall keep a complete and correct record of each fishing license

issued, showing the name and place of residence of each licensee and the serial number and date of issuance of said license, on such form as the Game, Fish and Oyster Commissioner may prescribe; and the stubs of such licenses and the record thereof shall belong to the State of Texas and shall be filed with said Commissioner as and when he may direct."

Article 894, V.A.P.C., provides for the form and requisites of hunting licenses, while Article 895, V.A.P.C., reads in part as follows:

"The county clerk of each county in this State is hereby authorized to issue hunting licenses under his official seal, to all persons complying with the provisions of this Act, and shall fill out correctly and preserve for the use of the Game, Fish, and Oyster Commission, the stubs attached thereto; and the county clerk shall keep a complete and correct record of hunting licenses issued, * * *."

The license fees for hunting with gun are set forth in Article 904, V.A.P.C., the first two paragraphs of which read as follows:

"No citizen of this State shall hunt outside of the county of his residence with a gun without first having procured from the Game, Fish and Oyster Commissioner, or one of his deputies, or from any county clerk in this State, a license to hunt, and for which he shall pay either of such officers the sum of two ($2.00) dollars; fifteen cents of which amount shall be retained by said officer as his fee for collecting.

"The fee for a non-resident citizen or alien hunting license shall be twenty-five ($25.00) dollars; three ($3.00) dollars of such amount shall be retained by the officer issuing such license as his fee for collecting, issuing, and making report on license so issued and for remitting the remaining twenty-two ($22.00) dollars to the Game, Fish and Oyster Commission."

Honorable John C. Marburger - page 5

By Article 978f, V.A.P.C., the office of Game, Fish and Oyster Commissioner was abolished, and the Game, Fish and Oyster Commission was created. Said Commission was vested with the authority, powers, duties and functions theretofore vested in the Game, Fish and Oyster Commissioner, except where in conflict with said new Act.

Article 923m, V.A.P.C., requires a license for trappers, fixes the fees for resident and non-resident licensees thereunder, and provides for the commissions to be retained by the officer issuing and reporting same.

Article 923o, V.A.P.C., reads in part as follows:

"The Game, Fish and Oyster Commissioner (now the Game, Fish and Oyster Commission) shall cause to be printed blank trapper's license which shall contain the requirements as provided for in Section 9 of this Act (Article 923m, supra), and shall distribute the same to his deputies and to the various county clerks of the State of Texas, taking their receipts therefor * * *, and it is hereby declared to be the duty of the Game, Fish and Oyster Commissioner (now the Game, Fish and Oyster Commission), his deputies and the county clerks of this State to issue licenses as provided in this Act, and to make reports and remittances therefor * * *." (Emphasis ours).

In the light of the foregoing, it is clear that the issuing of hunting, fishing and trapping licenses by the various county clerks of Texas are official services required to be performed by said officers. Also, the commissions authorized to be retained by them are fees of office, which must be accounted for, and deposited in the Officers' Salary Fund of their respective counties.

Your first question is therefore answered in the affirmative.

Your second question is answered as follows: The county clerk is not permitted to retain such fees or commissions for personal use. Same must be deposited in the Offi-

cers' Salary Fund of the county.

In conclusion we desire to thank you for the able and concise brief which you furnished, and we commend you for the correct conclusions therein reached.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By L. H. Flewellen
L. H. Flewellen
Assistant

LHF:hm

APPROVED AUG 16, 1944

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN